# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RYAN LOWELL BAILEY,

        Defendant-Appellant.

FOR PUBLICATION
June 2, 2015
9:15 a.m.

No. 318479
Grand Traverse Circuit Court
LC No. 13-011601-FC

---

Before: SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(concurring in part and dissenting in part).*

I concur in all respects with the majority other than the majority's analysis of the consecutive sentences imposed by the trial court. The majority profoundly misconstrues *People v Ryan*, 295 Mich App 388; 819 NW2d 55 (2012), and *People v Brown*, 495 Mich 962; 843 NW2d 743 (2014), and engages in an extremely limited analysis of the facts in this matter. By equating a "same transaction" under MCL 750.520b(3) with "occurring on the same day," the majority wishes into being out of whole cloth a bright-line rule that is clear, neat, simple, easily applied, and utterly wrong. Moreover, no such rule is implied, much less dictated, by either *Ryan* or *Brown*. Rather than dispensing with any truly meaningful consideration of the context of the offenses at issue, I would find that *at least* two of defendant's acts of CSC-I were part of the "same transaction," and therefore I would affirm defendant's sentences.

As the majority explains, sentencing in Michigan is by default concurrent, but pursuant to MCL 750.520b(3), if a defendant is convicted of a charge of CSC-I, the trial court "may order [that the] term of imprisonment imposed under this section [is] to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." Critically, therefore, the trial court's discretion to impose a consecutive sentence here depends on whether Count I was part of the "same transaction" as any other counts.

In *Ryan*, this Court observed that the Legislature has not defined "same transaction" by statute, but explained that the term had acquired "a unique legal meaning" through its usage. *Ryan*, 295 Mich App at 402. This Court found "two particular sexual penetrations" to be part of the "same transaction" because they "sprang one from the other and had a connective relationship that was more than incidental" and "there was no relevant disruption in time or in the flow of events between the two distinct offenses." *Id*. at 403-404. In *Brown*, our Supreme Court, citing *Ryan*, expressed approval of a "same transaction" entailing "three sexual

-1-

penetrations [that] 'grew out of a continuous time sequence' and had 'a connective relationship that was more than incidental.'" *Brown*, 495 Mich at 963. Historically, the test was understood to be that "[t]he crimes were committed in a continuous time sequence and display a single intent and goal." *People v White*, 390 Mich 245, 259; 212 NW2d 222 (1973), overruled on other grounds by *People v Nutt*, 469 Mich 565; 677 NW2d 1 (2004). Consequently, the definition of what constitutes a "same transaction" is well established and well understood.

Clearly, two acts that are immediately contiguous in time and space, as were the acts that formed the basis of a "same transaction" in *Ryan*, can be more obviously part of a "same transaction" than acts with any kind of separation between them. However, *contiguous* and *continuous* are not synonyms, and it is clearly critical that there must be a *relevant* disruption between the acts rather than merely *any* disruption. Indeed, a "transaction" does not have any definitional limitations on scope, complexity, or duration. Two acts at issue in *Ryan* did, as the majority notes, occur on the same day, but I am frankly baffled by the majority's apparent conclusion that this Court in *Ryan* somehow established that there is something magical or talismanic about acts falling on the same calendar date. Indeed, two acts occurring on the same day may *not* necessarily form part of a "continuous time sequence," and even two acts occurring *simultaneously* may not be part of the same "continuous time sequence." See *People v Jackson*, 153 Mich App 38, 48-50; 394 NW2d 480 (1986). It is irrational and counterproductive to attempt to force what is fundamentally a totality-of-the-circumstances analysis into a completely arbitrary bright-line rule divorced from the salient facts of the particular case.

Defendant's convictions were based on several assaults against several victims over several years. There is no evidence that any of the acts that gave rise to defendant's convictions occurred on the same day or immediately contiguous to each other, as was the situation in *Ryan*. However, the victims, and other witnesses to the extent they noticed defendant's conduct with the victims, testified that defendant's abuse was essentially constant and unremitting. After one victim left the house, defendant apparently transferred his toxic attentions directly to another. Indeed, the victims testified that defendant subjected them to abuses on a daily basis, if not even more frequently. This evidence leaves no doubt that defendant's abuses were not discrete occurrences, but rather were part of a single, functionally unbroken enterprise. In other words, the incidents were deeply intertwined and had no *relevant* gap between them. Consequently, I conclude that, in this case and on these facts, they were clearly part of the "same transaction." The trial court was therefore within its discretion to impose consecutive sentences. To the extent I would extrapolate a "rule" applicable to future cases, I would only hold that each case must be considered carefully by the trial court on its own merits and not stuffed into a box with no consideration for whether it fits.

The majority does not address defendant's other arguments attacking his concurrent sentences; I find them unavailing. Defendant's argument that the trial court abused its discretion because imposition of consecutive sentences was not mandatory is nonsensical: because the trial court was permitted to do so, this Court will not generally disturb its decision unless that decision fell "outside [the] principled range of outcomes." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). I perceive no reason why a consecutive sentence here was unprincipled. Defendant also argues that the trial court should have relied on objective and verifiable factors to impose a sentence in excess of the guidelines range established by the Legislature. This is equally nonsensical, because the consecutive-sentencing law requires no

-2-

such special articulated findings, and this Court presumes that the Legislature understood and intended the laws it enacted.

I find no sentencing error. Consequently, I would affirm defendant's convictions and sentences in their entirety.


/s/ Amy Ronayne Krause